CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **American Multi-Cinema, Inc.**, a Missouri Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Shonna Counter complains of American Multi-Cinema, Inc., a Missouri Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. She suffers from spinal muscular atrophy. Plaintiff drives a van that has a handicap placard issued by the state of California. She uses both a walker and wheelchair for mobility.

2.  Defendant American Multi-Cinema, Inc. owned the AMC Theater

Complaint

located at or about 1310 3rd Street, Santa Monica, California, in January 2019.

3.   Defendant American Multi-Cinema, Inc. owns the AMC Theater ("AMC") located at or about 1310 3rd Street, Santa Monica, California, currently.

4.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

8.   Plaintiff went to AMC in January 2019.

9.   AMC is a facility open to the public, a place of public accommodation, and a business establishment.

10. Paths of travel near the concession stands are one of the facilities, privileges, and advantages offered by Defendants to patrons of AMC.

11. Unfortunately, the lines for the concession stand are too narrow for plaintiff. Defendants place the stanchions such that the widest aisle is just 30 inches in width, which is the A List aisle. Plaintiff is an A List member and wanted to avail herself of the A List aisle on the day of her visit.

12. In addition to the A List aisle being too narrow, the other stanchion aisle ways are even more narrow than the A List aisle. As a result, plaintiff, if she wants to get concessions, is forced to cut the line and subject herself to other customers who may not appreciate her cutting the line.

13. Still, even if plaintiff does cut the line, there are some concessions that are not accessible because of the configuration of the stanchions. Indeed, AMC offers a variety of self-serve candy at its concession stand. Because of the configuration of the stanchions, plaintiff cannot access all of the candy, however.

14. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

15. Plaintiff personally encountered this barrier.

16. This inaccessible facility denied the plaintiff full and equal access and caused her difficulty, discomfort, and embarrassment.

17. Plaintiff will return to AMC to avail herself of its goods or services once the barriers are permanently removed. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

18. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

19. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.

20. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

21. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

Complaint

§ 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. The minimum clear width of an accessible route shall be 36 inches. 2010 Standards § 403.5.1.

24. Here, the failure to provide an accessible path of travel at the concession stand is a violation of the ADA.

25. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

26. Here, the failure to ensure that the accessible facilities were available

Complaint

1  and ready to be used by the plaintiff is a violation of the law.

2  27. Given its location and options, plaintiff will continue to desire to
3  patronize AMC but she has been and will continue to be discriminated against
4  due to the lack of accessible facilities and, therefore, seeks injunctive relief to
5  remove the barriers.

6

7  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
8  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
9  Code § 51-53.)

10  28. Plaintiff repleads and incorporates by reference, as if fully set forth
11  again herein, the allegations contained in all prior paragraphs of this
12  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,
13  that persons with disabilities are entitled to full and equal accommodations,
14  advantages, facilities, privileges, or services in all business establishment of
15  every kind whatsoever within the jurisdiction of the State of California.  Cal.
16  Civ. Code §51(b).

17  29. The Unruh Act provides that a violation of the ADA is a violation of the
18  Unruh Act.  Cal. Civ. Code, § 51(f).

19  30. Defendants' acts and omissions, as herein alleged, have violated the
20  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's
21  rights to full and equal use of the accommodations, advantages, facilities,
22  privileges, or services offered.

23  31. Because the violation of the Unruh Civil Rights Act resulted in difficulty,
24  discomfort or embarrassment for the plaintiff, the defendants are also each
25  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-
26  (c).)

27

28

6

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per occasion.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.


Dated: January 25, 2019          CENTER FOR DISABILITY ACCESS

By: _____

     Chris Carson, Esq.
     Attorney for plaintiff

7

Complaint